IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. SCHNEIDERS,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | No. C05-4092-MWB<br><br>**ORDER REGARDING<br>DEFENDANT'S MOTION TO ALTER<br>OR AMEND** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL STANDARDS UNDER RULE 59(E)* . . . . . . . . . . . . . . . . . . . . . . . . 2

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *A. Hypothetical Questions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    *B. The Dictionary Of Occupational Titles* . . . . . . . . . . . . . . . . . . . . . 12
    *C. Reversible Condition* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

_____

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security to replace former Commissioner Jo Anne B. Barnhart. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, "the action does not abate and the officer's successor is automatically substituted as a party." *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## I. INTRODUCTION AND BACKGROUND

Plaintiff Michael J. Schneiders applied for supplemental security income and disability benefits over four years ago. Schneiders filed his applications for benefits in August and September of 2003, and in December of 2004 he presented his case at a hearing before an Administrative Law Judge (ALJ). On April 25, 2005, the ALJ ruled Schneiders was not entitled to benefits. Schneiders sought judicial review by this court and the matter was referred to the Chief Magistrate Judge Paul Zoss. On March 7, 2006, Judge Zoss issued a report that recommended the ALJ's decision be affirmed. On September 28, 2006, this court, after reviewing the case de novo, found the ALJ's decision was not supported by substantial evidence and therefore rejected Judge Zoss's report and recommendation. The court remanded the case to the ALJ for another hearing, however, because the record did not clearly establish disability. The defendant Commissioner now moves the court under Federal Rule of Civil Procedure 59(e), in a motion originally filed October 5, 2006, to alter or amend its order reversing the ALJ's decision.[2]

## II. LEGAL STANDARDS UNDER RULE 59(E)

As this court has stated more than once, Rule 59(e) only provides "a deadline for motions 'to alter or amend,' without specifying the standards for alteration or

---

[2] All other background facts and proceedings important to this order are set forth in this court's original memorandum and opinion reversing the ALJ's decision, Docket No. 18, as well as the magistrate judge's report and recommendation, *Schneiders v. Barnhart*, No. C05-4092-MWB, 2006 WL 559247 (N.D. Iowa March 7, 2006) (Docket No. 15).

2

amendment." *Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 918 (N.D. Iowa 2003) (quoting FED. R. CIV. P. 59(e)); *see DePugh v. Smith*, 880 F. Supp. 651, 655 (N.D. Iowa 1995) (noting Rule 59(e) "does not otherwise establish the criteria by which the court is to assess the merits of the motion"). The rule simply states:

> **(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

FED. R. CIV. P. 59(e). The rule's silence on what standards a district court should use to analyze motions under the rule is accompanied by a similar silence in Supreme Court jurisprudence. The Court's cases dealing with Rule 59(e) have largely focused on what constitutes a Rule 59(e) motion, rather than explaining what a movant must show under the rule to successfully alter or amend a judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989) (holding a postjudgment motion for discretionary prejudgment interest is a Rule 59(e) motion); *Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988) (holding a motion for the allowance of costs under Federal Rule of Civil Procedure 54(d) was not a Rule 59(e) motion); *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445 (1982) (holding a motion for attorney's fees under 42 U.S.C. § 1988 was not a Rule 59(e) motion).

In *White*, however, the Court recognized the history of the rule and noted its drafters "had a clear and narrow aim." 455 U.S. at 450. Their aim was "specifically 'to care for a situation such as that arising in *Boaz* [*v. Mut. Life Ins. Co.*, 146 F.2d 321 (8th Cir. 1944)].'" *Id.* (quoting Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C., p. 491; 5 F.R.D. 433, 476 (1946)). In *Boaz*, the district court initially dismissed the plaintiff's case without prejudice, but then two days later and after the defendant's objection, the court changed its judgment and dismissed the plaintiff's case

3

Case 5:05-cv-04092-MWB   Document 23   Filed 09/20/07   Page 3 of 15

*with* prejudice. 146 F.2d at 321-22. On appeal, the Eighth Circuit affirmed, finding it was within the inherent authority of the district court to alter or amend its judgment in this manner. *Id.* at 322-23. Thus, Rule 59(e) was "to 'make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White*, 455 U.S. at 450 (quoting Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C., p. 491; 5 F.R.D. 433, 476 (1946)). The drafters of the rule and the Supreme Court, however, have largely left what a successful movant must show to alter or amend a judgment unexplained.

Federal courts, of course, have filled in the blanks. The several circuits have identified four main grounds for granting a Rule 59(e) motion: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to account for an intervening change in the controlling law. *See* 11 CARLES ALAN WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Some circuits have specifically recognized all four of these grounds for making a motion under Rule 59(e), although most have not.[3]

---

[3] There are at least two circuits that have specifically identified all four grounds. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) ("A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."); *Turner v. Burlington N. Sante Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) ("There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999))).

(continued…)

4

³(…continued)

Several other circuits have stated three grounds exist, but in reality named four. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds for warranting a [Rule 59(e) motion] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error *or prevent manifest injustice*." (emphasis added)); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) ("A proper motion to alter or amend judgment 'must rely on one of three major grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice."'" (citations omitted; alterations in original)); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1994) ("While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."). The District of Columbia Circuit has done likewise, naming four grounds in an apparent list of three. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("A Rule 59(e) motion . . . need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1993))).

Most circuits, including the Eighth Circuit, however, have apparently only stated two grounds for a Rule 59(e) motion. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("It should be noted that Rule 59(e) motions serve the limited function of correcting '"manifest errors of law or fact or to present newly discovered evidence."'" (citations omitted)); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) ("Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment, we agree with our sister circuits that district courts may alter or amend judgment "'to correct a clear error of law or prevent manifest injustice.'" (citations omitted)); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) ("The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact."); *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence."); *Figgie Int'l, Inc. v.*

(continued…)

5

The Eighth Circuit has specifically recognized two of these grounds, stating "Rule 59(e) motions serve the limited function of correcting '"manifest errors of law or fact or to present newly discovered evidence."'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) in turn quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).[4]

---

[3](…continued)
*Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992) ("[U]nder traditional Rule 59(e) standards . . .[the motion] may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously."); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) ("Such motions serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982))).

The Federal Circuit, of course, states the grounds for a Rule 59(e) motion according to the circuit law it is to apply in a given case. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1369-70 (Fed. Cir. 2004) ("[U]nder Seventh Circuit law, a district court 'may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996))).

[4] The Eighth Circuit has also hinted that a Rule 59(e) motion might be used to "prevent manifest injustice." *See Callatine v. Staff Builders, Inc.*, 271 F.3d 1124, 1134 (8th Cir. 2001) (acknowledging the plaintiff's argument that her "motion under Rule 59(e) was an attempt to correct a clear error or prevent manifest injustice"). Additionally, this court has recognized a motion "under Rule 59(e) can be granted to: (1) incorporate an intervening change of law; (2) present new evidence previously unavailable; or (3) correct clear error or prevent manifest injustice." *Pro Edge L.P. v. Gue*, 377 F. Supp. 2d 694, 699 (N.D. Iowa 2005) (citing *Hagerman*, 839 F.2d at 414; *Van Horn v. Specialized Support Servs., Inc.*, 269 F. Supp. 2d 1064, 1069 (S.D. Iowa 2003); *Baker*, 266 F. Supp.
(continued…)

6

The Eight Circuit has not elaborated on what a movant must show when basing his or her Rule 59(e) motion on the ground that the judgment suffers from a manifest error of law or fact. The Eighth Circuit has, however, recently stated that when attempting to present newly discovered evidence under a Rule 59(e) motion, a movant must meet the same four-element test a movant is required to make to present new evidence under Rule 60(b)(2).[5] *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007); *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933, 933 n.3. The court stated:

> To prevail on a Rule 59(e) or Rule 60(b)(2) motion, a party must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover it before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would probably produce a different result.

*Greyhound Lines, Inc.*, 485 F.3d at 1036 (citing *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 n.3). Just a year previously, the court noted "Rule 59(e) and Rule 60(b)(2) are analyzed identically." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 n.3.[6]

---

[4](…continued)
2d at 919).

[5] Rule 60(b)(2) allows the court "[o]n motion and upon such terms as are just" to "relieve a party . . . from a final judgment, order, or proceeding for . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).

[6] The court finds this language troubling. First, it suggests a Rule 59(e) movant must *always* meet the Rule 60(b)(2) four-element test to be successful, even though all circuits have identified at least one other ground in addition to the presentation of new evidence for a Rule 59(e) motion. *See, e.g.*, *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 ("Rule 59(e) motions serve the limited function of correcting '"manifest errors of law or fact *or* to present newly discovered evidence."'" (emphasis added; citations omitted)).
(continued…)

7

[6](...continued)

Second, it is perhaps based on an erroneous premise: that Rule 59(e) can be used to present new evidence. Despite the abundant case law to the contrary, *see* cases cited *supra*, footnote 3, it is the undersigned's belief that Rule 59(e) was never meant to be used as a tool to present newly discovered evidence.

As the Supreme Court noted many years ago, Rule 59(e) was meant to specifically permit a district court to alter or amend its judgment like the district court had done in *Boaz*. *See White*, 455 U.S. at 450 (citing *Boaz*, 146 F.2d at 322). *Boaz* had nothing to do with the discovery or presentation of new evidence by the movant. *See* 146 F.2d at 321-23. In *Boaz*, the district court's decision to dismiss the case with prejudice was based on its evaluation of the already established record--after "the defendant object[ed] to dismissal without prejudice, for the reason that no sufficient ground for a dismissal without prejudice *was shown*." *Id.* at 323 (emphasis added).

In addition, the Federal Rules of Civil Procedure already provide a party with the tools to present newly discovered evidence, *see* FED. R. CIV. P. 52(b), 59(a), 60(b)(2), and Rule 59(e) is only about altering or amending the judgment--it says nothing about presenting new evidence, *see Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 n.6 (Fed. Cir. 1994) ("The text of Rule 59(e) contains no requirement that the grounds must be based on newly-discovered evidence."). Moreover, Rule 59(e) is drastically different from Rule 60(b)(2). The Eighth Circuit has even recognized "[t]he two rules serve different purposes and produce different consequences, both substantive and procedural." *Sanders v. Clemco Industries*, 862 F.2d 161, 168 (8th Cir. 1988); *see Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1513-14, 1513 n.4, 1514 n.7 (1st Cir. 1991) (holding the district court erroneously evaluated the party's motion under Rule 60(b)(2) standards instead of the different standards in Rule 59(a), (b), or (e)); *Branstad v. Veneman*, No. C 01-3030-MWB, 2001 WL 34008494, at *2-3 (N.D. Iowa) (noting the differences between rules 59(e) and 60(b)(2)). The rules require the motions to be filed within different time periods, *compare* FED. R. CIV. P. 59(e) (allowing ten days), *with id.* 60(b)(2) (allowing up to one year), and this circuit's case law has always required a movant to show "exceptional circumstances" under Rule 60(b)(2)--but not under Rule 59(e)-- to prevail, *see United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam) ("[Rule 60(b)(2)] provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."). The differences between the rules certainly suggest to this court that Rule 59(e) was not meant to present new evidence,

(continued...)

8

Case 5:05-cv-04092-MWB    Document 23    Filed 09/20/07    Page 8 of 15

Whatever the ground for the Rule 59(e) motion, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286; *see Johnson v. Chater*, 108 F.3d 942, 946 n.3 (8th Cir. 1997) ("Arguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion." (citing *Garner v. Arvin*

---

⁶(…continued)
and that the rules should not be "analyzed identically." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 n.3. The differences may also explain why the Eighth Circuit failed to cite any authority when stating the rules were "analyzed identically." *See id.*

Finally, the declarations from case law that state a Rule 59(e) motion may be used to present newly discovered evidence have dubious origins. Such statements were originally made in reference to generic "motions for reconsideration," and then later applied to specific Rule 59(e) motions. For example, the statement that "*Rule 59(e) motions* serve a limited function of correcting '"manifest errors of law or fact or to present newly discovered evidence,"'" *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (emphasis added) (quoting *Hagerman*, 839 F.2d at 414, in turn quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)), was derived from the original statement that "'*Motions for reconsideration* serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence,'" *Rothwell Cotton Co.*, 827 F.2d at 251 (emphasis added) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (D.C. Ill. 1982), and recognizing the statement as part of "a helpful summary of the law governing motions to reconsider"). There is no motion for reconsideration in federal practice. *See Sanders*, 862 F.2d at 170 ("Aggrieved parties in bench trials should not file motions for reconsideration in federal district court. The Federal Rules of Civil Procedure do not provide for such a motion. Instead, the motion should be properly designated under the rule authorizing the motion, such as Rule 52 or 59."). Thus, when a court states a motion for reconsideration may be granted to present newly discovered evidence, it should not be assumed such a motion includes a motion under Rule 59(e), especially when, for the reasons above, it seems Rule 59(e) was never meant to present new evidence.

*Indus. Inc.*, 77 F.3d 255, 258-59 (8th Cir. 1996))). Moreover, a motion under Rule 59(e) must be filed within ten days. FED. R. CIV. P. 59(e). If the motion is untimely, the district court lacks subject matter jurisdiction to consider it. *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) ("Because the motion was late-filed, the district court lacked jurisdiction to consider it . . . ."). In addition, if the motion was untimely an appellate court "lack[s] the power to review [the district] court's decision, which is effectively a nullity." *Id*. Furthermore, the district court has considerable discretion in deciding the motion, and an appellate court will not overturn that decision absent an abuse of discretion. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933; *see Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1069-70 (8th Cir. 2000) ("'Little turns, however, on whether we label the review of this particular question abuse of discretion or *de novo*, for an abuse of discretion standard does not mean a mistake of law is beyond appellate correction.'" (quoting *Koon v. United States*, 518 U.S. 81 (1996))).

The court now turns to analyze the Commissioner's motion in light of these legal standards.

### III. LEGAL ANALYSIS

The Commissioner filed his Rule 59(e) motion within ten days, and therefore it is properly before the court. The Commissioner does not seek to present any new evidence in his motion to alter or amend. As the court explained above, that is not fatal to his motion under Rule 59(e). It only means the four-step test outlined in *Greyhound Lines, Inc.* is inapplicable. The Commissioner does seek to ultimately have this court alter and amend its memorandum opinion and order so that it adopts, rather than rejects, the magistrate's report and recommendation that recommended Schneiders's benefits be denied. The Commissioner advances several reasons that he believes support alteration

Case 5:05-cv-04092-MWB   Document 23   Filed 09/20/07   Page 10 of 15

and amendment of this court's previous order under Rule 59(e). These reasons are addressed below.

### A. *Hypothetical Questions*

The Commissioner argues, contrary to this court's memorandum opinion and order, that the ALJ's hypothetical questions directed to the vocational expert (VE) were adequate because they properly included the environmental conditions Schneiders was to avoid. Specifically, the Commissioner argues this court stated the ALJ failed to include environmental limitations in the second hypothetical question to the VE, and that such failure is a clear error of fact and law because the environmental limitations were included in the second hypothetical question. Mo. at p. 1. The court cannot discern where, in its previous memorandum opinion and order, it stated the environmental limitations were not included in the second hypothetical question. What the court did state was that such environmental limitations were not properly stated in the hypothetical questions posed to the VE. *See* Op. at p. 15-17. While the hypothetical questions did address the environmental limitations, they did not do so in a way that accurately reflected Schneiders's condition.

Schneiders's Residual Functional Capacity Assessment indicated Schneiders should "avoid concentrated exposure" to certain "environmental factors," namely "Extreme cold," "Extreme heat," "Humidity," and "Fumes, odors, dusts, gases, poor ventilation, etc." Tr. at p. 185. Nevertheless, the ALJ asked the VE a hypothetical question that assumed the following restriction: "Frequent only exposure to extremes of heat, cold and to humidity and to dust and fumes." Tr. at p. 292. As the court stated in its memorandum opinion and order, the court does not believe a doctor's advice to avoid concentrated exposure to these environmental conditions translates into a restriction that Schneiders

11

should have only frequent exposure to these conditions. *See* Op. at p. 16. Questions posed to a vocational expert must be precise. *See Warburton v. Apfel*, 188 F.3d 1047, 1049 (8th Cir. 1999) ("[A] hypothetical 'should precisely set out the claimant's particular physical and mental impairments.'" (quoting *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994))). The questions posed in this case were imprecise, and as a result, the ALJ's decision was "fatally flawed," *see* Op. p. 16, because "[i]f a hypothetical question does not include all of the claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability," *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998) (citing *Greene v. Sullivan*, 923 F.2d 99, 101 (8th Cir. 1991)). The court cannot discern "'"a manifest error of law or fact"'" in its previous decision regarding this conclusion, and therefore the court rejects the Commissioner's argument in this respect. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (citations omitted).

### *B. The Dictionary Of Occupational Titles*

The Commissioner argues the court erroneously concluded that "[t]he use of the [Dictionary of Occupational Titles], without the addition of the proper medically advised environmental limitations[,] results in an inaccurate evaluation." Op. at p. 18. The Commissioner alleges the court's order implies the ALJ could not rely upon the vocational expert's use of the DOT without additional evidence or information from another source. Mo. at p. 2. The court did not state, however, that the vocational expert could not use the DOT or that additional evidence was required. The court simply stated the vocational expert's opinion could not be accurate even though the expert used the DOT because the expert's opinion suffered from the "fatal[] flaw[]" recognized above. *See* Op. at p. 16. In other words, the vocational expert's opinion was still *not* based on the "proper

12

medically advised environmental limitations" even though the DOT was used because the ALJ used imprecise hypothetical questions.  Op. at p. 18.

The Commissioner additionally argues the VE's reliance on the DOT was proper because the DOT affirmatively states, even if the ALJ's hypothetical questions did not, that the sedentary jobs Schneiders could perform did not include the presence of certain environmental conditions.  After listening to the ALJ's first hypothetical, the VE stated Schneiders could perform three sedentary jobs:  addresser, final assembler, and surveillance-system monitor.  Tr. at p. 292-93.  The DOT indicates that "Extreme Cold," "Extreme Heat," "Wet and/or Humid," and "Other Env. Cond." are "Not Present" for these three sedentary jobs.  *See* Commissioner's Exhibits, Docket No. 20.  The DOT does not, however, specifically address all the environmental factors Schneider's Residual Functional Capacity Assessment indicated he should avoid.  The DOT does address heat, cold, and humidity, but fails to indicate whether "fumes, odors, dusts, gases, poor ventilation, etc." are present in jobs as an addresser, final assembler, or surveillance-system monitor--unless one assumes those conditions are covered under "Other Env. Cond."  The court does not believe "other environmental conditions" is precise enough to somehow correct the "fatal[] flaw[]" the court previously found.  Moreover, regardless of what the DOT provided, the VE's opinion was flawed because the ALJ did not frame the hypothetical questions appropriately.  The hypothetical questions stated Schneiders could tolerate certain environmental conditions when Schneiders's doctor told him to avoid these conditions   As a result, the Commissioner's argument on this point is rejected.

### C.  Reversible Condition

Lastly, the Commissioner argues the court made factual errors when it stated "the record fails to reveal any medical opinion by any of the health care practitioners that the

13

source of Schneiders's COPD is smoking, rather than his previous job related exposure, or other environmental sources," or "any evidence that if Schneiders quit smoking, quitting would cure the COPD and/or asthma." Op. at p. 16. The Commissioner believes the court's statement was in error because the record allegedly reveals "Plaintiff's respiratory condition was reversible if he would take his medications." Mo. at p. 3. Initially, the court candidly acknowledges the presence of evidence in the record that suggests Schneiders's condition was reversible if he took his medication. *See* Tr. at p.149, 151, 168, 171. The court does not understand, however, how this evidence contradicts the court's previous statements. The court never stated Schneiders's respiratory condition was not reversible; the court only noted the record did not reveal smoking was the source of Schneiders's condition, or that if he quit smoking his condition would be cured.

Moreover, that plaintiff's condition might be reversible if he took his medications does not change the failure of the ALJ to properly question the vocational expert about Schneiders's limitations. Such failure was the reason for this court's order remanding the decision to the ALJ. That decision stands regardless of whether Schneiders's condition was reversible through his medication. Therefore, this argument is also rejected.

### IV. CONCLUSION

The court **denies** the Commissioner's motion to alter or amend the court's memorandum opinion and order. Regrettably, this order comes almost a year after the Commissioner's motion under Rule 59(e), the purpose of which is to allow a court "to rectify its own mistakes in the period immediately following the entry of judgment." *White*, 455 U.S. at 450. Although the court finds no mistakes requiring rectification, it laments the extended amount of time it took to rule on this motion, and encourages the quick resolution of all proceedings that are to follow.

14

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2007.

*[Signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

15